GROVER & BARKER SEWING MACHINE CO. *v.* N. A. GIBSON.

**Written Contract—Admissibility of Evidence.**

> The consideration for the execution of a note may be shown by oral testimony, but such is not admissible to show that an unconditional promise to pay, reduced to writing, was not to be performed in a given state of case, unless fraud in reducing the contract to writing is alleged and proved.

APPEAL FROM HENDERSON CIRCUIT COURT,

February 13, 1875.

OPINION BY JUDGE LINDSAY:

Appellee avers that the consideration for the note sued on is a sewing machine, and the promise and agreement upon the part of the agent of the appellant to instruct his wife in the art and mystery of operating the machine. He avers further that the contract was that in case the agent failed to so instruct his wife within six months after the making of the contract, then he was to surrender the machine and receive back his note.

This portion of his answer should have been disregarded. It is an attempt to add to a written contract, without an averment of fraud or mistake in reducing it to writing. The consideration for the execution of a promissory note may be shown by oral testimony, but it is not allowable to show by such testimony that an unconditional promise to pay, reduced to writing, was not to be performed in a

given state of case, unless fraud or mistake in reducing the contract to writing be alleged and proved.

Appellee should have made the partial failure of consideration complained of, a counterclaim. It is not available as a defense, unless it be so relied on. The court erred in permitting the statements of the agent, Wilson, to be proved. They were no part of the *res gestæ*. He was not in the employ of the company when the statements purport to have been made, and they were proved as testimony in chief, and not for the purposes of impeaching his credibility. Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

*Thomas E. Ward, for appellant.*